FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JUL -2 P 1: 22

CLERK'S OFFICE
AT BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEFEND OUR FREEDOMS FOUNDATION,<br><br>*Plaintiff,*<br><br>v.<br><br>CAROLYN COLVIN,<br>Commissioner of the Social Security Administration,<br><br>*Defendant.* | Civil Action No. ELH-13-1878 |

**ORDER**

On June 25, 2013, the above-captioned case was filed with the full filing fee. Defend Our Freedoms Foundation ("DOFF"), plaintiff, apparently is a corporation or an unincorporated association. The complaint was filed on behalf of DOFF by its president, Dr. Orly Taitz, Esq. Ms. Taitz is an attorney who is apparently a member of the State Bar of California,[1] but is not a member of the Bar of this Court. Pursuant to this Court's Local Rules, "[a]ll parties other than individuals must be represented by counsel," Local Rule 101.1(a), and with exceptions not applicable here, "only members of the Bar of this Court may appear as counsel in civil cases." *Id.* This provision accords with what "has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and that "the rationale for that rule applies equally to all artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993).

On motion and in its discretion, the Court "may permit" attorneys who are members in good standing of the bar of another federal court or of the highest court of any state (other than attorneys who are members of the Maryland Bar or who maintain a law office in Maryland) to

---

[1] *See, e.g., Liberi v. Taitz*, 759 F. Supp. 2d 573, 577 (E.D. Pa. 2010) ("Orly Taitz [is] a member of the California bar . . . ."), *appeal dismissed*, 425 F. App'x 132 (3d Cir. 2011).

appear pro hac vice in a particular civil case. Local Rule 101.1(b)(i); *see also Ramirez v. England*, 320 F. Supp. 2d 368, 376 (D. Md. 2004) ("The decision of such a motion [for pro hac vice admission] is committed to the sound discretion of the Court . . . ."). However, "[a]ny party represented by an attorney who has been admitted pro hac vice must also be represented by an attorney who has been formally admitted to the Bar of this Court, who shall sign all documents and, unless excused by the presiding judge, be present at any court proceedings." Local Rule 101.1(b)(i). Moreover, except in multi-district litigation ("MDL") cases, attorneys seeking admission pro hac vice are "required to have their admissions moved by an active member of this Court's bar." Local Rule 101.1(b)(iv). Notably, "an attorney admitted pro hac vice is subject to the disciplinary jurisdiction of this Court." Local Rule 101.1(b)(i).

In this case, DOFF is not represented by a member of the Bar of this Court. Nor is the Court aware of whether Ms. Taitz intends to seek admission to this Court's Bar.[2]

In light of the foregoing, it is, this 2nd day of July, 2013, by the United States District Court for the District of Maryland, ORDERED:

1. Within fourteen days after this Order is docketed, Ms. Taitz shall advise the Court, in writing, whether she intends to seek admission to this Court's Bar or whether counsel who is a member of this Court's Bar will be entering an appearance on behalf of plaintiff (and, if so, whether said counsel will move for Ms. Taitz's admission pro hac vice).

2. The Clerk is directed to TRANSMIT a copy of this Order to Ms. Taitz.

3. The Clerk is directed to WITHHOLD issuance of the summons, pending Ms. Taitz's response and further order of the Court.

/s/ Ellen L. Hollander
Ellen Lipton Hollander
United States District Judge

---

[2] The requirements for admission to this Court's Bar are contained in Local Rule 701. Additional information is available on the Court's website. *See* http://www.mdd.uscourts.gov/publications/DisplayForms.asp?ActiveTab=Attorney%20Admissions.