UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| ORLY TAITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. **ELH 13-1878** |
| v. | ) |
| | ) |
| CAROLYN COLVIN, COMMISSIONER | ) |
| OF THE SOCIAL SECURITY | ) |
| ADMINISTRATION | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS AND
MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF**

Defendant, the Social Security Administration ("SSA" or "agency"), by and through undersigned counsel, respectfully responds to Plaintiff's Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment in Favor of the Plaintiff.

## BACKGROUND

In this action, brought *pro se*, Dr. Orly Taitz ("Plaintiff") sued on behalf of herself under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for information contained in Social Security records, including information relating to individuals' Social Security numbers ("SSNs") and benefits. SSA performed a search and responded to Plaintiff's FOIA request on July 29, 2013 and August 7, 2013. SSA released to Plaintiff records for two of the three individuals named in Plaintiff's FOIA request, properly withheld information under FOIA exemption 6, and advised Plaintiff that it could not locate the requested records for Mr. Harrison Bounel with the information provided by Plaintiff.

On August 14, 2013, Defendant filed a Motion to Dismiss, or In the Alternative, for Summary Judgment ("Motion"). Defendant submitted a memorandum of law and a signed declaration in support of its Motion. Defendant argues that Plaintiff's claims are moot because SSA conducted a reasonable

and adequate search for responsive records and provided all non-exempt requested records to Plaintiff. On August 19, 2013, Plaintiff filed an opposition to Defendant's Motion ("Opposition"). Plaintiff opposes Defendant's Motion only as it relates to Plaintiff's request for records of Mr. Bounel, which SSA could not locate with the information provided by Plaintiff.

Plaintiff asserts that SSA has records on Mr. Bounel and alleges that SSA's response that Mr. Bounel's records were not located is "not correct and not true." In support of Plaintiff's allegation, she provides SSA's November 16, 2012 FOIA response to a different FOIA request for Mr. Bounel's information, in which SSA stated that "the Privacy Act of 1974 (5 U.S.C. § 552a) restricts disclosure of the [requested] information." Plaintiff argues that this letter proves that SSA has located records for Mr. Bounel. However, the November 16, 2012 FOIA response does not state SSA located any records for Mr. Bounel. In addition, Plaintiff fails to acknowledge a material difference between the 2012 FOIA request and her April 26, 2013 FOIA request, which caused SSA to respond differently to the requests.

Plaintiff also asserts in her Opposition that the "[SSN] of Mr. Bounel was fraudulently used by a high ranking official." Plaintiff has made multiple FOIA requests to SSA and initiated previous lawsuits for information about the SSN she asserts belongs to Mr. Bounel. SSA has consistently withheld information about this SSN under FOIA exemption 6, and the United States District Court for the District of Columbia has recently upheld such withholding. Though Plaintiff's April 26, 2013 FOIA request seeks information about Mr. Bounel, her appeal makes clear that Plaintiff's request is yet another attempt to obtain SSA records about this SSN, which belongs to a living individual. Consequently, the Privacy Act and FOIA exemption 6 protect information about this SSN.

**STATEMENT OF FACTS**

Defendant herein incorporates the Statement of Facts from Defendant's Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. (***Dkt. No. 7.***) SSA further states:

1.  On or about October 15, 2012, SSA received an internet FOIA request for the SSN records[1] of Harry J. Bounel, also known as, Harrison Bounel ("2012 FOIA Request"). Other than the name and gender, the only identifiable information provided to SSA with the 2012 FOIA Request was an SSN. *See* Supplemental Declaration of Dawn S. Wiggins[2] ¶ 3, attached hereto as ***Exhibit A***.

2. Plaintiff was not the requester in the 2012 FOIA Request. *Id.*

3. SSA conducted a search of its Privacy Act system of records entitled the Master Files of SSN and SSN Applications (also known as the "Numident"), System No. 60-0058 (published at 75 F.R. 82121 (Dec. 29, 2010)) for the SSN records requested in the October 15, 2012 FOIA request. *Id.* at ¶ 4. However, because the October 15, 2012 FOIA request only provided Mr. Bounel's name and an SSN, any information provided to the requester about SSA's search would result in validation of the SSN. *Id.* Consequently, on November 16, 2012, when SSA responded to the 2012 FOIA Request, it advised the requester that "the Privacy Act of 1974 (5 U.S.C. § 552a) restricts disclosure of the [requested] information." *See* November 16, 2012 FOIA Response ("2012 FOIA Response"), attached hereto as ***Exhibit B***; and ***Exhibit A*** ¶ 4.

---

[1] The November 16, 2012 FOIA response refers to "a Numident for Mr. Harry Bounel." The term "Numident" is another term used for the system of records containing Form SS-5 applications for an SSN. *See* ***Exhibit A*** , Suppl. Wiggins Decl. ¶ 4.

[2] Ms. Wiggins has made *two separate* Declarations in this case. The original Declaration (referred to herein as "Wiggins Decl") was filed as ***Exhibit D*** with Defendant's Memorandum in Support of Motion to Dismiss or in the Alternative for Summary Judgment. Accordingly, to avoid confusion between the original and the Supplemental Declaration, only the Supplemental Wiggins Declaration has been attached to this Reply Brief.

4.   Plaintiff's April 26, 2013 FOIA request ("2013 FOIA Request") provided several pieces of identifying information about Mr. Bounel that Plaintiff asserts are true, including: (1) his name, (2) the country from which he emigrated to the United States, (2) his year of birth, (4) when he arrived in the United States, (5) where and when he received an SSN, and (6) his SSN. *Id*. at 5.  SSA conducted a search of the Numident for a record that matched the information provided by Plaintiff but could not locate a record for Mr. Bounel.  *Id*.  Because Plaintiff provided multiple pieces of identifying information with her FOIA request, SSA determined it could disclose to Plaintiff that no records were located because such disclosure would not result in validation of the SSN which Plaintiff claims to be associated with Mr. Bounel.  *Id*.

5.   Plaintiff has made multiple FOIA requests to SSA and initiated previous lawsuits for information about the SSN she asserts belongs to Mr. Bounel.  *See Taitz v. Astrue*, 806 F.Supp.2d 214, 217 (D.D.C. 2011), *aff'd*, No. 11-5304, 2012 U.S. App. LEXIS 10713 (D.C. Cir. May 25, 2012) (SSA properly withheld a Form SS-5 under FOIA Exemption 6 because disclosure of the form, which the requestor contended was for a number being fraudulently used by President Barack Obama, would implicate a substantial privacy interest while serving no public interest cognizable under FOIA.); *Taitz v. Obama*, 707 F.Supp.2d 1 (D.D.C. 2010), *recons. denied*, 754 F.Supp.2d 57 (D.D.C. 2010).  SSA has consistently withheld information about this SSN under FOIA exemption 6, and the United States District Court for the District of Columbia has upheld such withholding.  *Id.*

6.   Further, while SSA generally cannot confirm or deny the validity of an SSN, SSA has previously advised Plaintiff that SSA cannot disclose information about the SSN she asserts belongs to Mr. Bounel because the individual who holds the SSN is living.  *See Taitz*, 806 F.Supp.2d at 218.

**ARGUMENT**

**PLAINTIFF HAS NOT PROVIDED EVIDENCE SUFFICIENT TO REBUT THE STATEMENTS IN THE SWORN DECLARATION OF SSA AND ESTABLISH ANY MATERIAL FACT IS IN DISPUTE; CONSEQUENTLY, PLAINTIFF HAS NOT MET HER BURDEN TO ESTABLISH SUBJECT MATTER JURISDICTION, AND DISMISSAL OR SUMMARY JUDGMENT IS APPROPRIATE.**

When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Richmond, F. & P. R. Co. v. United States*, 945 F.2d 765,768 (4th Cir. 1991); *Simmington v. Gates*, No. 2010 WL 1346462 at *6 (D. Md. Mar. 30, 2010). In determining whether jurisdiction exists, a district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Richmond, F. & P. R. Co.*, 945 F.2d at 768.

In FOIA cases, courts can grant summary judgment based solely on the information an agency provides through employee affidavits or declarations as long as the declarations are sufficiently detailed and provide the information necessary to render judgment. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such agency affidavits or declarations are accorded a presumption of good faith, which a plaintiff cannot rebut with purely speculative claims. *Havemann v. Astrue*, No. 2012 WL 4378143 at *4 (D. Md. Sept. 24, 2012), *aff'd*, No. 12-2453, 2013 U.S. App. LEXIS 15838 (4th Cir. Aug. 1, 2003). Unless Plaintiff can "point to evidence sufficient to put the agency's good faith into doubt," summary judgment must be granted to the agency. *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D. C. Cir.1981). Similarly, in reviewing a Rule 12(b)(1) motion challenge, this Court is not required to accept inferences unsupported by the facts alleged. *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003).

A claim for relief under FOIA becomes moot once an agency produces all the information a plaintiff requested, because an agency's release of documents eliminates any live controversy between the parties because it gives the requester the relief sought in the FOIA complaint.  *See Cornucopia Institute v. USDA*, 560 F.3d 673, 675 (7th Cir. 2009); *Crooker v. United States State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980).  Consequently, a court can properly dismiss such cases on mootness grounds because there is no further judicial function for the Court to perform.  *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).    In support of Defendant's Rule 12(b)(1) motion challenge, SSA has presented evidence showing Defendant responded to Plaintiff's FOIA request, providing all responsive records located by Defendant that were not exempt from disclosure, after conducting a reasonable and adequate search.

Plaintiff's Opposition asserts her claim for relief is not moot because Defendant's response that SSA did not locate Mr. Bounel's records is "not correct and not true."  In support of Plaintiff's allegation, she provides SSA's 2012 FOIA Response to the 2012 FOIA Request for information about Mr. Bounel.  In its 2012 FOIA Response, SSA states that "the Privacy Act of 1974 (5 U.S.C. § 552a) restricts disclosure of the [requested] information."  2012 FOIA Response ¶ 1.  Plaintiff argues that this letter proves that SSA has located records for Mr. Bounel.  However, the 2012 FOIA Response does not support Plaintiff's allegation because the response does not state SSA located any records for Mr. Bounel.  *See **Exhibit B***, 2012 FOIA Response ¶ 1-3.  Instead, SSA's 2012 FOIA Response generally states that SSA cannot provide information because the Privacy Act restricts disclosure of individuals' records.[3]  *Id*.

---

[3] As explained in the declaration of Dawn S. Wiggins, SSA maintains information about SSNs in a Privacy Act system of records.  See Wiggins Decl. ¶ 9.  Consequently, the Privacy Act protects information about SSNs and SSA, generally, will not disclose such information without consent.  *Id*.  In addition, Social security records, including SSNs, addresses, and names, qualify as "similar files" protected under FOIA exemption 6.  *Havemann*,

Plaintiff's Opposition fails to acknowledge a material difference between the 2012 FOIA Request and her 2013 FOIA Request, which caused SSA to respond differently to the requests. Namely, the 2012 FOIA Request only provided Mr. Bounel's name and an SSN, while Plaintiff's 2013 FOIA Request provided six pieces of identifying information that Plaintiff asserts are true about Mr. Bounel.[4] *Exhibit A*, Suppl. Wiggins Decl. ¶¶ 3, 5. SSA cannot confirm whether a particular SSN is valid because releasing information associated with an SSN could confirm the identity of the number holder and/or give the requester information that could lead to the identification or confirmation of the true number holder. *Exhibit A*, Suppl. Wiggins Decl. ¶ 4. Such confirmation of the validity of an SSN, using individuals' Social Security records, would be a clearly unwarranted invasion of personal privacy, which would be protected from disclosure under the Privacy Act and FOIA exemption 6. *See* 5 U.S.C. §§ 552a, 552(b)(6). Any information provided to the 2012 requester would have caused to confirm or deny whether the SSN provided was valid because the requester only provided an SSN and name. Conversely, because Plaintiff provided multiple pieces of identifying information with her 2013 FOIA Request, SSA determined it could disclose to Plaintiff that no records were located for Mr. Bounel with the information Plaintiff provided. *Id*. at ¶ 4-5. Such disclosure would not result in validation of the SSN provided by Plaintiff. *Id.*

---

2012 WL 4378143 (D.Md.), at * 4 - 5. In completing a search of SSA's Privacy Act system of record to respond to a FOIA request for information about an individual's SSN, SSA must search through individual records to attempt to match identifying information provided by the requester to a specific individual's record. Wiggins Decl. ¶ 6. If the individual's record is identified, SSA may only disclose information if SSA records indicate the individual is deceased or the requester provides proof of death or consent. Wiggins Decl. ¶ 9.

[4] Plaintiff provided the following information she asserts are true about Mr. Bounel: (1) his name, (2) where he immigrated from, (2) his year of birth, (4) when he arrived in the United States, (5) where and when he received a SSN, and (6) his SSN. *Exhibit A*, Suppl. Wiggins Decl. at ¶ 5.

In addition, though Plaintiff requested information about Mr. Bounel, it is clear from her appeal that her objective is to obtain information about the SSN she asserts belongs to Mr. Bounel. Plaintiff has made multiple FOIA requests to SSA and initiated previous lawsuits for information about the SSN she asserts belongs to Mr. Bounel. *See Taitz v. Astrue*, 806 F.Supp.2d 214, 217 (D.D.C. 2011), *aff' d*, No. 11-5304, 2012 U.S. App. LEXIS 10713 (D.C. Cir. May 25, 2013); *Taitz v. Obama*, 707 F.Supp.2d 1 (D.D.C. 2010), *reconsideration denied*, 754 F.Supp.2d 57 (D.D.C. 2010). SSA has consistently withheld information about this SSN under FOIA exemption 6. **_Exhibit A_**, Suppl. Wiggins Decl. ¶ 7. Further, the United States District Court for the District of Columbia has recently upheld such withholding. *Id.* In addition, SSA has previously advised Plaintiff that SSA cannot disclose information about the SSN she asserts belongs to Mr. Bounel because the individual who holds the SSN is living.[5] *See Taitz*, 806 F.Supp.2d at 218; **_Exhibit A_**, Suppl. Wiggins Decl. ¶ 7. Consequently, the Privacy Act protects any records associated with the SSN and such records are exempt from disclosure under FOIA exemption 6. *See Taitz*, 806 F.Supp.2d at 218; Wiggins Decl. ¶ 9.

SSA has presented evidence showing Defendant responded to Plaintiff's 2013 FOIA Request, providing all responsive records located by Defendant that were not exempt from disclosure, after conducting a reasonable and adequate search. Plaintiff has presented only purely speculative claims about a search conducted by SSA last year on a materially different FOIA request, which are insufficient

---

[5] Plaintiff attached a 1940 census to her Opposition that she asserts proves that Mr. Bounel was born in 1890, making him older than 120 years and, therefore, subject to the "120 year rule." The "120 year rule" is an SSA policy that states SSA will not disclose information about any person in its records who is under 120 years old, except in those cases where SSA has acceptable proof of death (e.g., death certificate, obituary, newspaper article or police report). *See* SSA's FOIA web page at http://www.socialsecurity.gov/foia/request.html#a0=0. Because SSA did not locate any records for Mr. Bounel and SSA has provided a declaration supporting this fact, Mr. Bounel's age is irrelevant to determining whether dismissal or summary judgment is appropriate in this case. Further, the census provided by Plaintiff is practically illegible and does not provide affirmative proof of death. Consequently, even if SSA had located records on Mr. Bounel, SSA would not disclose information about Mr. Bounel to Plaintiff unless SSA's records reflect he is deceased.

to rebut the agency's sworn declarations. Plaintiff has not provided sufficient evidence to meet her burden of proving subject matter jurisdiction by a preponderance of the evidence and rebut the sworn statements made by Ms. Dawn S. Wiggins. Accordingly, the Court should grant dismissal or, in the alternative, summary judgment in Defendant's favor.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment.

Respectfully Submitted,

ROD ROSENSTEIN
United States Attorney

By: ___/s/_____
Andrew Norman,
Federal Bar No. 00242
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4821 (Office)

*Attorney for Defendant*

OF COUNSEL:

Jessica Vollmer, Attorney
Social Security Administration
Office of General Counsel
Office of General Law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th Day of September, 2013, a copy of the foregoing Defendant's Reply Brief in Support Defendant's Motion to Dismiss or for Summary Judgment, and attached exhibits were dispatched via first class mail to the *pro se* Plaintiff at the following address:

>Orly Taitz
>29839 Santa Margarita Parkway, Suite 100
>Rancho Santa Margarita, CA 92688

>/s/
>Andrew Norman
>Assistant United States Attorney