IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ORLY TAITZ,<br>   *Plaintiff*,<br><br>v.<br><br>CAROLYN COLVIN, Commissioner,<br>Social Security Administration, *et al.*,<br>   *Defendants*. | Civil Action No. ELH-13-1878 |

**MEMORANDUM OPINION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On April 26, 2013, Dr. Orly Taitz, plaintiff,[1] sent a FOIA request to the Social Security Administration (the "SSA") office in Baltimore, requesting copies of the Social Security applications ("SS-5s") of three individuals: Mr. Harrison ("Harry") J. Bounel, Mr. Tamerlan Tsarnaev, and Ms. Stanley Ann Dunham. *See* April 26 letter, ECF 7-2 at ¶¶ 1–3.

Plaintiff had not yet received a FOIA response when, on June 25, 2013, she filed suit in this Court requesting, *inter alia*, an order compelling defendant to respond to her FOIA request for Mr. Bounel's SS-5. ECF 1 at 3.[2] On July 8, 2013, plaintiff filed an Amended Complaint (ECF 3), which was substantively identical to the original complaint. Plaintiff served her Amended Complaint on defendant on July 10, 2013. *See* ECF 6. In her suit, plaintiff alleged

---

[1] Plaintiff apparently is a licensed attorney in California. *See* ECF 2 at 1 and n.1. She appears here as a self-represented litigant.

[2] Plaintiff filed the original complaint on behalf of Defend Our Freedoms Foundation, a corporation or association of California, of which she is or was president. However, Dr. Taitz is the sole plaintiff in the Amended Complaint.

that Mr. Bounel was born in 1890,[3] and therefore, under the "'120 Year Rule' implemented by the SSA in 2010," pertaining to "'extremely aged individuals,'" Bounel's "Social Security applications have to be released under FOIA without proof of [his] death . . . ." ECF 6 ¶ 12.

On July 29, 2013, Dawn S. Wiggins, a Freedom of Information Officer, replied to plaintiff's letter of April 26. Wiggins acknowledged receipt of plaintiff's letter and stated, *id.* at 2–3:

> I have enclosed a copy of the SS-5s for Mr. Tsarnaev and Ms. Dunham. . . .
>
> We were unable to find any information for Mr. Bounel based on the information you provided to us. Mr. Bounel may not have applied for a Social Security number (SSN) or may have given different information on the application for a number.

"The Freedom of Information Act was enacted to facilitate public access to Government documents," *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citation omitted), and to vindicate the public's right to know "what their government is up to." *U.S. Dep't of Justice v Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989) (quotation marks omitted). Consistent with this objective, FOIA requires that "each [federal] agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).[4]

---

[3] Plaintiff's claim that Mr. Bounel was born in 1890 is based on a United States Census record which, according to plaintiff, states that Mr. Bounel was 50 years old in 1940. *See* ECF 13-7. I note parenthetically that an individual who was 50 years old in 1940 could have been born in either 1889 or 1890.

[4] If the agency uncovers responsive documents, its disclosure obligations are not unlimited. "While the FOIA generally authorizes disclosure of information contained in public records, it also expressly recognizes that the public interest is not always served by disclosure."

In a lawsuit seeking the release of documents under the FOIA, "'[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.'" *Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 89 (D.D.C. 2010) (quoting *Crooker v. U.S. State Dep't,* 628 F.2d 9, 10 (D.C. Cir. 1980)); *see also Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).  Accordingly, on August 14, 2013, defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion," ECF 7), supported by a Memorandum of Law and exhibits.  Defendant argues that the SSA has "produced all responsive documents that are not exempt from release under FOIA," and therefore, plaintiff's claim for relief is moot.

Plaintiff filed a combined Opposition and Motion for Summary Judgment on August 21, 2013.  ("Opposition" or "Opp.," ECF 9).  However, she did not address defendant's argument regarding mootness.  Rather, she claimed that the SSA did not conduct an adequately thorough search for responsive documents and, alternatively, that the SSA possesses Mr. Bounel's Social Security application but improperly withheld it. *E.g.*, Opp. at 1–2.

In regard to the adequacy of the search, plaintiff's arguments that the SSA has failed to meet its obligations under the FOIA may have merit.  When the adequacy of a search is challenged, an agency may demonstrate the adequacy of its search by submitting an affidavit that is "reasonably detailed, setting forth the search terms and the type of search performed, and

---

*U.S. Dep't of Health & Human Servs. v. Fed. Labor Relations Auth.*, 833 F.2d 1129, 1134 (4th Cir. 1987).  Thus, an agency may withhold information where a record falls within one of FOIA's nine specific statutory exemptions.  *See* 5 U.S.C. § 552(b) (listing exemptions); *U.S. Dep't of Defense v. Fed. Labor Relations Auth.,* 510 U.S. 487, 494 (1994) (noting that FOIA incorporates "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language" (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360–61 (1976))).

averring that all files likely to contain responsive materials (if such records exist) were searched so as to give the requesting party an opportunity to challenge the adequacy of the search." *Ethyl Corp. v. U.S. E.P.A.,* 25 F.3d 1241, 1246-47 (4th Cir. 1994) (internal quotation marks and citations omitted).  Here, defendant has offered the Declaration of Dawn S. Wiggins, who avers, ECF 12-2 ¶ 6: "SSA conducted a search of the Numident for a record that matched the information provided by Plaintiff but could not locate a record for Mr. Bounel."  Wiggins did not explain the manner in which the search was conducted, whether multiple searches were conducted using different combinations of the information provided by plaintiff (to ensure that a minor discrepancy in the information submitted by plaintiff did not sabotage the search), or any other details related to the thoroughness of her search.

However, any deficiencies in Wiggins's affidavit may have been the result of the fact that the suit is not framed as a challenge to the adequacy of the search.  Put another way, plaintiff's contention on this point, and the factual allegations underlying them, do not appear in the Amended Complaint.  The Amended Complaint is premised only on the SSA's failure to respond to plaintiff's FOIA request, for which Dr. Taitz sought an Order requiring a response.  Plaintiff first raised the issue of inadequacy in her Opposition.

A party cannot alter his or her claim through briefs.  Instead, "the proper procedure for plaintiff[] to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir. 2004).  To be sure, when a party is a *pro se* litigant, the Court must construe her pleadings liberally.  *See Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007).[5]  Nevertheless, the Court cannot add factual allegations to a complaint or otherwise advocate for a *pro se* litigant.  *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## CONCLUSION

Plaintiff's Amended Complaint was filed before the SSA responded to her FOIA request, and has been rendered moot by the SSA's response to her FOIA request.  If plaintiff takes issue with the adequacy of the SSA's response, she must amend her complaint to add allegations that the SSA's response was deficient.  Accordingly, I will dismiss plaintiff's Amended Complaint, without prejudice, and with leave to amend within 21 days of the docketing of the accompanying Order, so that plaintiff may properly allege the claims she raised in her Opposition.  I will also deny plaintiff's cross-motion for summary judgment (ECF 9), without prejudice.  An Order follows.

Date: December 13, 2013                                  /s/
                                                         Ellen Lipton Hollander
                                                         United States District Judge

---

[5] It is unclear whether plaintiff, as a licensed attorney, is entitled to the same liberal construction of her filings as a non-attorney *pro se* litigant.  *See Gray v. City of New York*, Civ. No. 10-3039, 2012 WL 947802 (E.D.N.Y. Mar. 20, 2012).  Nonetheless, I have construed plaintiff's filings liberally.