**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

January 15, 2014

MEMORANDUM TO COUNSEL AND DR. TAITZ

    Re:    *Taitz v. Colvin*
            Civil No. ELH-13-01878

Dear Counsel and Dr. Taitz:

       Pending before the Court is defendant's "Motion for Extension of Time to Respond to the Second Amended Complaint" ("Motion," ECF 22), which was filed on January 13, 2014. *See* ECF 20. The Motion seeks to extend from January 20, 2014 to February 7, 2014, the government's deadline for responding to plaintiff's Second Amended Complaint.[1]

       Defendant has complied with Local Rule 105.9, which requires a party seeking an extension to "try to obtain the consent of an unrepresented party," if reasonably practicable. *See* ECF 25. In response to defendant's inquiry as to whether plaintiff would consent to the requested extension, plaintiff signified that she would consent only if defense counsel agreed to various conditions that would impede a defense to the allegations raised in plaintiff's Second Amended Complaint. ECF 25-1. However, plaintiff did not identify any prejudice to her case that would result from the requested extension. *See id.* Defendant has not agreed to the conditions proposed by plaintiff. ECF 25.

       Here, defense counsel contends that the extension is warranted because he was only recently assigned to the case. He explains: "The Assistant U.S. Attorney assigned to this case, AUSA Norman, will retire on January 24. This case has been reassigned to the undersigned AUSA." ECF 22. This explanation for the need for the postponement constitutes good cause for the brief extension requested by the government.

       Fed. R. Civ. P 6(b)(1) provides that a district court may extend a deadline "for good cause." Moreover, motions of this sort are generally granted when, as here, the requested extension is short in length, is supported by good cause, and the opposing party has failed to show any prejudice to her case as a result of the requested extension. *See Scott v. Kelly*, 107 F.

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(3), defendant is required to respond "within 14 days after service of the amended pleading." Additionally, Fed. R. Civ. P. 6(d) provides, *inter alia*, that when, as here, service is made via electronic filing, an additional "3 days are added after the period would otherwise expire." Accordingly, the government's response would be due 17 days after the Second Amended Complaint was served on defendant, *i.e.* January 20, 2014.

Supp. 2d 706, 709 n. 5 (E.D. Va. 2000), *aff'd sub nom. Scott v. Moore*, 6 F. App'x 187 (4th Cir. 2001).

      Accordingly I will GRANT the Motion.  Defendant is directed to answer or otherwise respond to plaintiff's Second Amended Complaint by February 7, 2014.

      Despite the informal nature of this letter, it is an Order of the Court, and the Clerk is directed to docket it as such.

                          Very truly yours,

                              /s/
                          Ellen Lipton Hollander
                          United States District Judge