**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MARYLAND**

ORLY TAITZ,                                )
                                           )
                    *Plaintiff,*            )
                                           )        **Civil No. ELH 13-1878**
        v.                                 )
                                           )
CAROLYN COLVIN                             )
                                           )
                    *Defendant*.            )

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND RESPONSE TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR THE PLAINTIFF**

The defendant, the Social Security Administration ("SSA" or "agency"), has moved to dismiss the Second Amended Complaint.  The plaintiff opposed the SSA's motion and, in the same paper (ECF 31), appears also to seek summary judgment in her favor.

For the reasons that follow, the SSA's motion should be granted and the plaintiff's motion, to the extent that her filing is properly considered a motion for summary judgment, should be denied.

**INTRODUCTION**

In this action, brought pro se, Dr. Orly Taitz ("Plaintiff") sued on behalf of herself under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for information contained in Social Security records, including information relating to individuals' Social Security numbers ("SSNs") and benefits.  SSA performed a search and responded to Plaintiff's FOIA request on July 29, 2013 and August 7, 2013.  SSA released to Plaintiff records for two of the three individuals named in Plaintiff's FOIA request, properly withheld information under FOIA

exemption 6, and advised Plaintiff that it could not locate the requested records for

Mr. Harrison Bounel with the information provided by Plaintiff.

Plaintiff's Second Amended Complaint alleges that SSA did not conduct a proper search

for Mr. Bounel's records.  *See* ECF 20.  On January 30, 2014, Defendant filed a Motion to

Dismiss the Second Amended Complaint, or In the Alternative, for Summary Judgment

("Motion").  *See* ECF 28.  Defendant submitted a memorandum of law and signed declarations

in support of its Motion.  Defendant argued that Plaintiff's claims are moot because SSA

conducted a reasonable and adequate search for responsive records and provided all non-exempt

requested records to Plaintiff.  On February 19, 2014, Plaintiff filed an opposition to Defendant's

Motion and Motion for Summary Judgment for the Plaintiff ("Opposition").  *See* ECF 31.

Plaintiff's Opposition makes the following arguments:

1.  SSA violated the FOIA by conducting an electronic search instead of searching
    for Mr. Bounel's Form SS-5[1] in paper record.

2.  SSA staff previously admitted to having the records for Mr. Bounel, in SSA's
    November 16, 2012 FOIA response to a different FOIA request.

3.  SSA violated the FOIA by not responding to Plaintiff's August 8, 2013 FOIA
    request.

Plaintiff also asserts that SSA staff knowingly made false statements to this Court by "claiming

[SSA] has only electronic record-Numident."  However, as explained in detail below, Plaintiff's

---

[1] The Form SS-5 is the form through which an individual applies for an original or replacement
social security card.  *See, e.g.,* http://www.socialsecurity.gov/online/ss-5.html.  The Form SS-5
includes the individual's full name, Social Security number (SSN), place of birth, date of birth,
citizenship, parents' names, parents' SSNs (in certain versions of the Form SS-5), and other
identifying information.

understanding of how SSA maintains Form SS-5 records is inaccurate.  In addition, Plaintiff restates several requests for relief that are unrelated to the FOIA, such as Plaintiff's requests for relief under 18 U.S.C. § 1332.  Because the requests are unrelated to Plaintiff's action under the FOIA, SSA has not addressed them in this response.  SSA will respond to these requests, at the direction of this Court.

In support of allegation 2, Plaintiff submitted Opposition Exhibit 1, SSA's November 16, 2012 FOIA response to a different FOIA request for Mr. Bounel's information.  In this response, SSA states that "the Privacy Act of 1974 (5 U.S.C. § 552a) restricts disclosure of the [requested] information."  Plaintiff argues that this letter proves that SSA has located records for Mr. Bounel. However, the November 16, 2012 FOIA response does not state SSA located any records for Mr. Bounel.  In addition, Plaintiff fails to acknowledge a material difference in the 2012 FOIA request and her April 26, 2013 FOIA request, which caused SSA to respond differently to the requests.

Plaintiff provides no additional relevant evidence to support her FOIA allegations. Opposition Exhibits 2-3 include copies of records of a deceased individual's SSN, who Plaintiff asserts should appear in SSA's records immediately before the records of Mr. Bounel.  However, Plaintiff did not request the records of this individual in her April 26, 2013 FOIA request. Further, the existence of this individual's records does not prove the existence of records for Mr. Bounel.  In addition, Opposition Exhibit 4 is an Order Granting Plaintiff's Motion for Sanctions from an unrelated case, which is irrelevant to this case.

Plaintiff has not provided evidence sufficient to rebut the statements in the sworn declarations of SSA and establish any material fact is in dispute.  Consequently, Plaintiff has not met her burden to establish subject matter jurisdiction, and dismissal or summary judgment is appropriate.

## STATEMENT OF FACTS

Defendant herein incorporates the Statement of Facts from Defendant's Memorandum in Support of Defendant's Motion to Dismiss the Second Amended Complaint or, in the Alternative, for Summary Judgment.   *See* ECF 28-1.

On or about October 15, 2012, SSA received an internet FOIA request for the SSN records[2] of Harry J. Bounel, also known as Harrison Bounel, as described by the requester ("2012 FOIA Request").  Outside of name and gender, the only identifiable information provided to SSA with the 2012 FOIA Request was an SSN.  *See* Motion Exhibit (Ex.) D ¶ 3 (ECF 28-5). Plaintiff was not the requester in the 2012 FOIA Request.  *Id.*

In response to the October 15, 2012 FOIA request, SSA conducted a search of its Privacy Act system of records entitled the Master Files of Social Security Number Holders and SSN Applications (also known as the "Numident"), System No. 60-0058 (published at 75 F.R. 82121 (Dec. 29, 2010)) for the SSN records requested in the October 15, 2012 FOIA request.  *Id.* at ¶ 4. However, because the October 15, 2012 FOIA request only provided Mr. Bounel's name and an SSN, any information provided to the requester about SSA's search would result in validation of

---

[2] The November 16, 2012 FOIA response refers to "a Numident for Mr. Harry Bounel."  The term "Numident" is another term used for the system of records containing Form SS-5 applications for an SSN.  *See* Motion Exhibit (Ex.) D ¶ 4.

the SSN (e.g., confirmation that the name and SSN match SSA's records or that the SSN did not belong to the individual identified).  *Id.*  Consequently, on November 16, 2012, when SSA responded to the 2012 FOIA Request, SSA advised the requester that "the Privacy Act of 1974 (5 U.S.C. § 552a) restricts disclosure of the [requested] information."  *See* November 16, 2012 FOIA Response ("2012 FOIA Response"), attached hereto as ***Exhibit A***; Motion Ex. D ¶ 4.

Conversely, Plaintiff's April 26, 2013 FOIA request ("2013 FOIA Request") provided several pieces of identifying information that Plaintiff asserts are true about Mr. Bounel, including: (1) his name, (2) where he immigrated from, (2) his year of birth, (4) when he arrived in the United States, (5) where and when he received an SSN, and (6) his SSN.  *Id.* at ¶ 5.  Because Plaintiff provided multiple pieces of identifying information with her FOIA request, SSA determined it could disclose to Plaintiff that no records were located because such disclosure would not result in validation of the SSN provided by Plaintiff for Mr. Bounel.  *Id.*

## ARGUMENT

## I. PLAINTIFF HAS NOT PROVIDED EVIDENCE SUFFICIENT TO REBUT THE STATEMENTS IN THE SWORN DECLARATION OF SSA AND ESTABLISH ANY MATERIAL FACT IS IN DISPUTE; CONSEQUENTLY, PLAINTIFF HAS NOT MET HER BURDEN TO ESTABLISH SUBJECT MATTER JURISDICTION, AND DISMISSAL OR SUMMARY JUDGMENT FOR DEFENDANT IS APPROPRIATE.

When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *Richmond, F. & P. R. Co. v. United States*, 945 F.2d 765,768 (4th Cir. 1991); *Simmington v. Gates*, No. DKC 08-3169, 2010 U.S. Dist. LEXIS 30749, at *15 (D. Md. Mar. 30, 2010).  In determining whether jurisdiction exists, a district court should apply the

standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Richmond, F. & P. R. Co.*, 945 F.2d at 768.

In FOIA cases, courts can grant summary judgment based solely on the information an agency provides through employee affidavits or declarations as long as the declarations are sufficiently detailed and provide the information necessary to render judgment. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such agency affidavits or declarations are accorded a presumption of good faith, which a plaintiff cannot rebut with purely speculative claims. *Havemann v. Astrue*, No. ELH-10-1498, 2012 U.S. Dist. LEXIS 136292, at *15 (D. Md. Sept. 24, 2012), *aff'd*, No. 12-2453, 2013 U.S. App. LEXIS 15838 (4th Cir. Aug. 1, 2003). Unless Plaintiff can "point to evidence sufficient to put the agency's good faith into doubt," summary judgment must be granted to the agency. *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D. C. Cir.1981). Similarly, in reviewing a Rule 12(b)(1) motion challenge, this Court is not required to accept inferences unsupported by the facts alleged. *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003).

A claim for relief under FOIA becomes moot once an agency produces all the information a plaintiff requested, because an agency's release of documents eliminates any live controversy between the parties because it gives the requester the relief sought in the FOIA complaint. *See Cornucopia Institute v. USDA*, 560 F.3d 673, 675 (7th Cir. 2009); *Crooker v. United States State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980). Consequently, a court can properly dismiss such cases on mootness grounds because there is no further judicial function for the

Court to perform.  *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).   In support of Defendant's Rule 12(b)(1) motion challenge, SSA has presented evidence showing Defendant responded to Plaintiff's FOIA request, providing all responsive records located by Defendant that were not exempt from disclosure, after conducting a reasonable and adequate search.

Plaintiff's Opposition asserts: (1) SSA violated the FOIA by conducting an electronic search instead of searching for Mr. Bounel's Form SS-5 in paper record; (2) SSA staff previously admitted to having the records for Mr. Bounel, in SSA's November 16, 2012 FOIA response to a different FOIA request; and (3) SSA violated the FOIA by not responding to Plaintiff's August 8, 2013 FOIA request.  *See* ECF 31.  Other than SSA's November 16, 2012 FOIA response, which Defendant addresses in its argument below, Plaintiff provides no relevant evidence to support her allegations under the FOIA and rebut the statements in the agency's sworn declarations.

**A.      Neither the FOIA or SSA Policy Requires SSA to Conduct a Search of Paper Records in Response to a FOIA Request for a Form SS-5.**

Plaintiff asserts that SSA violated the FOIA by conducting an electronic search instead of searching for Mr. Bounel's Form SS-5 in paper record.  *Id*.  Plaintiff further argues that SSA's 120-year rule requires SSA to provide a copy of the original Form SS-5, not a "numident."  *Id*. However, neither the FOIA nor SSA policy requires SSA to search paper records in response to a FOIA request for a Form SS-5.

The FOIA requires agencies to conduct a search that is reasonably calculated to uncover all relevant documents.  *See, e.g., Weisberg v. United States Dep't of Justice*, 705 F.2d 1344,

1351 (D.C. Cir. 1983).  As explained in Defendant's Motion, the fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (*quoting Weisberg*, 745 F.2d at 1485).  In other words, "the focus of the adequacy inquiry is not on the results." *Hornbostel v. United States Dep't of the Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003); *see also Meeropol v. Meese*, 790 F.2d 942, 952 (D.C. Cir. 1986) (search is not unreasonable simply because it fails to produce all relevant materials).

The FOIA defines "search" as "to review, manually *or* by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).  The FOIA does require an agency to search paper records. *Id.*  In addition, the FOIA does not require agencies to conduct unreasonably burdensome searches for records. *See, e.g., Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1039 (7th Cir. 1998); *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2009).  If a computerized search is more efficient and serves the same practical purpose of reviewing hard copy documents, a physical search is not required. *See, e.g., Allen v. United State Secret Serv*., 335 F. Supp. 2d 95, 99 (D.C. Cir. 2004) (in the face of credible agency assertions that all paper records are indexed in a computerized database, raising mere questions about whether all paper records were indexed does not raise reasonable doubt about the adequacy of an agency's search; Plaintiff must make a concrete showing that there are other indexes or records that should have been searched, or a demonstration of actual doubt as to

whether a system is comprehensive)*; Hoffman v. United States Dep't of Justice*, No. 98-1733-A, slip op. at 10-11 (W.D. Okla. Dec. 15, 1999).

The "120-year rule" is an SSA policy that states SSA will not disclose information about any person in our records who is under 120 years old, except in those cases where SSA has acceptable proof of death (e.g., death certificate, obituary, newspaper article or police report). *See* SSA's FOIA web page at http://www.socialsecurity.gov/foia/request.html#a0=0.  This policy addresses when SSA will disclose information, not what searches must be performed or whether electronic vs. paper searches must be conducted.  *Id.*  Because SSA did not locate any records for Mr. Bounel, SSA's 120-year rule is irrelevant to determining whether dismissal or summary judgment is appropriate.

Plaintiff argues that there is a distinction between SSA's electronic and paper Form SS-5 records.   However, SSA's January 29, 2014 Second Supplemental Declaration of Dawn S. Wiggins, makes clear that the "Numident" is solely a nickname for an SSA Privacy Act system or record entitled the Master File for Social Security Number Holders and SSN Applications, System of Record Notice No. 60-0058 (published at 75 F.R. 82121 (Dec. 29, 2010)), which includes records of each person who applied for a SSN.  *See* Motion Ex. E ¶ 3 (ECF 28-6).  The declaration further explained that the Numident is a numerically ordered electronic database containing records of each person who has applied for an SSN; there is one Numident record for each SSN ever issued.  Motion Ex. E ¶ 4.  The Numident became *fully* electronic in the 1980s (i.e., it includes older records that were submitted in hardcopy).  *Id.*

Numident records house the identifying information given by the applicant for an SSN *and* copies of the applicant's Form SS-5s.  *Id.*

Consequently, though Plaintiff is attempting to make a distinction between SSA's electronic and paper Form SS-5 records, SSA maintains all paper Form SS-5s electronically in the Numident system of records.  *Id.*  In addition, though Plaintiff suggests there is a vault of hard-copy records where SSA should have searched for the requested Form SS-5, SSA has declared that there are no other locations or records that the agency determined would have a reasonable likelihood of containing the requested benefit records of Mr. Bounel.  Motion Ex. E ¶ 8.  Because SSA's computerized search of the Numident is more efficient and serves the same practical purpose of reviewing hard copy documents, a physical search is not required.

      **B.**     **SSA's November 16, 2012 FOIA Response Did Not State SSA Located Records for Mr. Bounel, as Plaintiff Asserts.**

Plaintiff's Opposition asserts SSA staff previously admitted to having the records for Mr. Bounel, in SSA's November 16, 2012 FOIA response to a different FOIA request.  *See* ECF 31.  In support of Plaintiff's allegation, she provides a copy of SSA's 2012 FOIA Response to the 2012 FOIA Request for information about Mr. Bounel.  *See* ECF 31-1.  In its 2012 FOIA Response, SSA states that "the Privacy Act of 1974 (5 U.S.C. § 552a) restricts disclosure of the [requested] information."  2012 FOIA Response ¶ 1.  Plaintiff argues that this letter proves that SSA has located records for Mr. Bounel.  However, the 2012 FOIA Response does not support Plaintiff's allegation because the response does not state SSA located any records for Mr. Bounel.  *See* 2012 FOIA Response ¶ 1-3.  Instead, SSA's 2012 FOIA Response generally

states that SSA cannot provide information because the Privacy Act restricts disclosure of

individuals' records.[3]  *Id.*

    Plaintiff's Opposition fails to acknowledge a material difference in the 2012 FOIA

Request and her 2013 FOIA Request, which caused SSA to respond differently to the requests.

Namely, the 2012 FOIA Request only provided Mr. Bounel's name and an SSN, while Plaintiff's

2013 FOIA Request provided six pieces of identifying information that Plaintiff asserts are true

about Mr. Bounel.[4]  Motion Ex. D ¶¶ 3, 5.  SSA cannot confirm whether a particular SSN is

valid because releasing information associated with an SSN could confirm the identity of the

number holder and/or give the requester information that could lead to the identification or

confirmation of the true number holder.  Motion Ex. D ¶ 4.  Such confirmation of the validity of

an SSN, using individuals' Social Security records, would be a clearly unwarranted invasion of

personal privacy, which would be protected from disclosure under the Privacy Act and FOIA

exemption 6.  *See* 5 U.S.C. §§ 552a, 552(b)(6).  Any information provided to the 2012 requester

---

[3] As explained in the August 12, 2013 declaration of Dawn S. Wiggins, SSA maintains
information about SSNs in a Privacy Act system of records.  Motion Ex. C ¶ 9 (ECF 28-4).
Consequently, the Privacy Act protects information about SSNs and SSA, generally, will not
disclose such information without consent.  *Id.*  In addition, Social security records, including
SSNs, addresses, and names, qualify as "similar files" protected under FOIA exemption 6.
*Havemann*, 2012 U.S. Dist. LEXIS 136292, at *16.  In completing a search of SSA's Privacy
Act system of record to respond to a FOIA request for information about an individual's SSN,
SSA must search through individual records to attempt to match identifying information
provided by the requester to a specific individual's record.  Motion Ex. C ¶ 6.  If the individual's
record is identified, SSA may only disclose information if SSA records indicate the individual is
deceased or the requester provides proof of death or consent.  Motion Ex. C ¶ 9.
[4] Plaintiff provided the following information she asserts are true about Mr. Bounel:  (1) his
name, (2) where he immigrated from, (2) his year of birth, (4) when he arrived in the United
States, (5) where and when he received a SSN, and (6) his SSN.  Motion Ex. C ¶ 5.

would have caused to confirm or deny whether the SSN provided was valid because the

requester only provided an SSN and name (i.e., the information would confirm that the name and

SSN match SSA's records or that the SSN did not belong to the individual identified).

Conversely, because Plaintiff provided multiple pieces of identifying information with her 2013

FOIA Request, SSA determined it could disclose to Plaintiff that no records were located for

Mr. Bounel with the information Plaintiff provided.  Motion Ex. D ¶ 4-5.  Such disclosure would

not result in validation of the SSN provided by Plaintiff.  *Id.*

> **C.      Because Plaintiff filed this Action Before SSA Responded to her Initial
>          FOIA request, Plaintiff was deemed to have Exhausted her Administrative
>          Remedies; Therefore, a FOIA Appeal and Response were not Required.**

Plaintiff alleges that SSA violated the FOIA because the agency never replied to

Plaintiff's August 8, 2013 FOIA request.  *See* August 8, 2013 FOIA Request, attached hereto as

***Exhibit B***.  However, Plaintiff's August 8, 2013 FOIA request was an appeal of SSA's

July 29, 2013 response to Plaintiff's April 26, 2013 FOIA request, which is the subject of this

action.  *See* Motion Ex. A (ECF 28-2).  Plaintiff filed her initial complaint in this action on

June 25, 2013.  *See* ECF 1.  On July 29, 2013, after Plaintiff initiated this action, SSA responded

to Plaintiff's April 26, 2013 FOIA request.  *See* Motion Ex. B (ECF 28-3).  Because Plaintiff

filed this action before SSA responded to Plaintiff's initial FOIA request, Plaintiff was deemed

to have exhausted her administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).  Therefore, an

administrative appeal and response is not mandatory under the FOIA.  *See, e.g., Coleman v.

Drug and Enforcement Admin.*, 714 F.3d 816, 823 (4th Cir. 2013) ("a requester shall be deemed

to have exhausted his administrative remedies and may commence litigation immediately if the

agency fails to comply with the applicable FOIA time limit provisions, § 552(a)(6)(C)(i), so long as the agency has not cured its violation by responding before the requester files suit.") Exhaustion of administrative remedies is only a mandatory prerequisite to a lawsuit under the FOIA.  *See, e.g., Wilbur v. Cent. Intelligence Agency*, 273 F. Supp. 2d. 119, 123 (D.D.C. 2003); *MAXXAM, Inc. v. FDIC*, No. 98-0989, 1999 U.S. Dist. LEXIS 23364, at *11 (D.D.C. Jan. 28, 1999) ("an administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed").

In addition, Plaintiff attached SSA's November 16, 2012 FOIA response (to a different FOIA request) to her August 8, 2013 appeal, as proof that SSA had previously located Mr. Bounel's records.  On August 21, 2013, Plaintiff filed an Opposition to Defendant's first Motion to Dismiss or, in the Alternative, for Summary Judgment, which raised the same arguments as Plaintiff's August 8, 2013 appeal.  *See* ECF 9.  Consequently, Defendant addressed Plaintiff's FOIA appeal and opposition arguments in its Response to Plaintiff's Opposition to Motion to Dismiss and Motion for Summary Judgment in Favor of the Plaintiff.  *See* ECF 12.

SSA has presented evidence showing Defendant responded to Plaintiff's April 26, 2013 FOIA request, providing all responsive records located by Defendant that were not exempt from disclosure, after conducting a reasonable and adequate search.  Plaintiff has presented only purely speculative claims about how SSA maintains its records and a search conducted by SSA last year on a materially different FOIA request.  Such speculation is insufficient to rebut the agency's sworn declarations.  Plaintiff has not provided sufficient evidence to meet her burden of proving subject matter jurisdiction by a preponderance of the evidence and rebut the sworn

statements made by Ms. Dawn S. Wiggins.  Accordingly, the Court should grant dismissal or, in the alternative, summary judgment in Defendant's favor.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Dismiss the Second Amended Complaint or, in the alternative, for Summary Judgment.

Respectfully Submitted,

Rod J. Rosenstein
United States Attorney

 /s/
Allen F. Loucks
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a .pdf version of this reply memorandum and exhibits was filed electronically on Sunday, March 2, 2014 and that it is anticipated that a hard copy version will be mailed, first class, postage prepaid to the plaintiff on the next business day which, weather permitting, is anticipated to be March 3, 2014. In the event that the forecasted storm precludes mailing on March 3, the mailing will be accomplished on the earliest day possible thereafter. The hard copy will be mailed to the *pro se* Plaintiff at the following address:

> Orly Taitz
> 29839 Santa Margarita Parkway, Suite 100
> Rancho Santa Margarita, CA 92688

> /s/
> Allen F. Loucks
> Assistant United States Attorney