

Dr. Orly Taitz, ESQ

29839 Santa Margarita, ste 100

Rancho Santa Margarita, CA 92688

ph. 949 -683-5411 fax 949-766-7603

orly.taitz@hushmail.com

## IN THE US DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Dr. Orly Taitz, ESQ | ) Civil Action 13-cv-1878 |
| Plaintiff | )Hon. Ellen Lipton Hollander |
| v | ) Presiding |
| Carolyn Colvin, | ) |
| in her official capacity as Acting Director | ) |
| of Social Security Administration | ) |

## REPLY IN SUPPORT OF A MOTION FOR SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF

### STATEMENT OF FACTS

The case at hand is an appeal of refusal by Social Security Administration to provide the plaintiff with the SS-5, Social Security application of Harry Bounel. Plaintiff filed this case after SSA did not respond for 60 days, even though it was obligated to respond within 20 business days.

After Plaintiff filed this law suit, Defendant, Acting Commissioner of Social Security administration, Carolyn Colvin, responded by claiming that SSA does not

have responsive records. Defense filed a motion to dismiss, Document #7, which since suspiciously disappeared from the docket, where defense sought to dismiss the case claiming that there are no records for Bounel and defense attached a sworn affidavit from FOIA Officer and licensed attorney Dawn Wiggins, where Wiggins claimed that there are no records for Bounel with SSA. First Affidavit by Wiggins, which was attached to document #7 also suspiciously disappeared from the docket of this court, but is being submitted here as Exhibit 5.

Plaintiff responded to this court seeking a summary judgment in favor of plaintiff due to fraud on the court by Defense. Plaintiff attached November 16, 2012 letter from the same SSA FOIA officer and Attorney Dawn Wiggins, where Wiggins admitted that she found records for Bounel, but cannot release them due to considerations of privacy.(Exhibit 3)

With the complaint Taitz submitted to this court 1940 Census information, which showed that Bounel was 50 years old in 1940. Additionally with the complaint Taitz submitted a "120 year rule" by SSA, which states that SSA is obligated to release the SS-5 Social Security applications of "extremely aged individuals" who are 120 years old or older, those SS-5s should be released even without consent of these individuals or proof of death. As such SSA was obligated to release the SS-5 for Bounel, who was born 123 years earlier and qualified as an extremely aged individual.

This court noted that the response by the defense did not show that a proper search was done and due to the fact that the original complaint was filed before SSA answered, the court gave the plaintiff a leave of court to file an amended complaint and claim lack of proper search.

Plaintiff filed an amended complaint and claimed:

1. proper search was not done of records in response to the original FOIA request

2. Defense never responded to a second, August 8, 2013 FOIA request.

Defense sought a MSJ for defense, plaintiff sought MSJ for the plaintiff. Current reply is in response to the opposition to the MSJ for plaintiff which was filed by the defense.

Plaintiff argues that plaintiff met its burden for MSJ and defense admitted that it never even searched for the original SS-5 application of Bounel, that it never even searched for the microfilm, that it only searched the electronic record. Defense never denied that the record in question existed in Numident, electronic record of the SSA and November 16, 2013 letter from FOIA officer Wiggins confirmed that the record matching the name Harry Bounel and SSN xxx-xx-4425 existed in the Numident, but at the time Wiggins erroneously used an exception of privacy to deny production of the record. Defense admitted that privacy cannot be used on Bounel, as according to "120 year rule of SSN" records of "extremely aged individuals" who were born 120 years ago or earlier should be released. According to 1940 census Bounel was 50 in 1940, therefore qualified as an extremely aged individual and his record was wrongfully withheld.

## ARGUMENT

### 1. DOCUMENT 7 WITH ALL OF THE EXHIBITS DISAPPEARED FROM PACER, THE ELECTRONIC RECORD OF THIS VERY COURT, EVIDENCE OF FALSIFICATION OF THE COURT RECORD AND TAMPERING WITH RECORDS-WATERGATE 2 UNFOLDING.

Plaintiff is requesting an investigation by Hon. Ellen Hollander of the disappearance from the electronic record of this case of ECF document #7, Motion to Dismiss or in the alternative Motion for Summary Judgment, which was filed by the defense and docketed by this court on 08.14.2013. This document contained the original affidavit by FOIA Officer Attorney Dawn Wiggins, where Wiggins attested to this court that SSA does not have any records for Harry Bounel(Exhibit 5 herein). Both the motion (Document #7) and the attached affidavit disappeared from the electronic docket of this court.

Plaintiff Taitz believes that this was done in order to further obstruct justice, commit fraud on the court and commit treason in the cover up of Barack Obama's use of a stolen SSN of Harry Bounel and cover up of the criminal complicity of SSA employees, specifically of Dawn Wiggins. There is no other explanation for disappearance of the document from the docket of the federal court. Hon. Judge Hollander did not issue an order to seal Document #7, nor did she order to expunge it from the record of this court, nor was there a reason to seal this document, nor was it requested by any party in this case. Reminiscent to Watergate a criminally complicit employee of this court deleted from the electronic record a document which would have implicated a senior federal official of fraud, forgery of records and treason.

Every time there is a change in the electronic record of the court, there is an electronic foot print. One can see an electronic stamp, showing who and when changed the record. Every employee of this court has a sign- in code, therefore by issuing a subpoena of all electronic changes to the record of this court Hon. Ellen Hollander will be able to pinpoint the time to the minute and the name of the individual who falsified the court record of the court of Judge Hollander and deleted ECF Document #7 and all of the exhibits attached to it.

Plaintiff Taitz demands an administrative hearing so she can examine an employee of this court, who falsified the electronic record of case 13-cv-1878 ELH and ascertain, who asked this employee to falsify the record.

## 2. PLAINTIFF WAS NOT SERVED WITH 03.02.2014 PLEADINGS FILED BY THE DEFENSE

Further, yet again Plaintiff Taitz did not receive pleadings filed with this court, specifically 03.02.2014 opposition to Motion for Summary Judgment, which was filed by the defense. Taitz is not a member of MD bar and does not receive automatic notification of filing via PACER. On 03.09.2014 Taitz simply checked PACER to see if there is a decision by this court, and found a filing by the defense, which was not served on her. Taitz requests sanctions by this court of the defense for repeatedly not serving her with pleadings.

### 3. DEFENSE DID NOT DENY AND THEREFORE ADMITTED THAT IT NEVER EVEN SEARCHED FOR THE PAPER RECORD OR MICROFILM OF THE REQUESTED RECORD. DEFENSE DID NOT DENY AND THEREFORE ADMITTED THAT INDEED ERRORS CAN BE MADE IN DATA ENTRY OF INFORMATION INTO THE NUMIDENT, ELECTRONIC RECORDS OF SSA, OR IN SOME INSTANCES ELECTRONIC RECORDS ARE INTENTIONALLY CHANGED TO COVER UP FRAUD.

Last year alone according to the Inspector General of the IRS four billion dollars were paid in bogus tax returns, where thieves used Social Security numbers of others. According to the Center for Immigration studies there are 25-30 million illegals in this country and 70% of them use either stolen or fabricated Social Security numbers.

In her motion for Summary Judgment for Plaintiff, Taitz argued that the original Social Security application, SS-5, which is contained in the holding file, is the best evidence. Numident, an electronic record is not the best evidence, and can be easily changed, either by error during the data entry by an employee or intentionally to cover up Social Security fraud and identity theft. Defense never provided any opposition to this argument and therefore admitted that electronic records are not reliable and therefore actual paper records are needed. For this reason SSA preserves not only the original Social Security paper application, SS-5s, but also a microfilm of SS-5. Further, two copies of both SS-5 and the corresponding microfilm are preserved: the original application is kept in the holding file of the SSA and a copy is kept in the holding file in NARA (National Archives). Further, two copies of the microfilm are kept: one in the SSA and one at NARA. This is done specifically because errors and fraud are so rampant.

Plaintiff provides SSA guidelines to NARA which show that SSA keeps both paper records (original applications), as well as microfilm specifically for such instances when the electronic records contains error, faulty data entry or criminal fraud.

07.10.1975 letter to National Archives and Records Service from Bureau of Data Processing of Social Security Administration signed by George S. Yamamura

(Exhibit2) states that all Social Security application Records have to be microfilmed. Hard records are placed in the holding file after microfilming and taping operations. While hard records created before 1972 can be destroyed, the records after 1972 are not destroyed and are kept in the holding file and on microfilm. Due to the evidence that Connecticut SSN xxx-xx-4425 in question was used by two individuals, there is a need to provide an original paper record and not a computer entry which can be either erroneous or fraudulent, intentionally falsified.

Further, in its' opposition to motion to dismiss Defense admitted that it never even searched either the original paper records or the microfilm, as such, this court should grant a Motion for Summary Judgment in favor of Plaintiff Taitz and order the Defense to produce a certified copy of the original SS-5, paper application of Harry Bounel for SSN xxx-xx-4425, which is contained in the holding file and located right after the SS-5 application 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 of the deceased Thomas Wood. (SSN of the deceased individual does not need to be redacted and therefore is provided here).

## 4. DEFENSE DID NOT DENY AND THEREFORE ADMITTED THAT IT DID NOT RESPOND TO AUGUST 8, 2013 FOIA REQUEST. DEFENSE DID NOT RESPOND TO OTHER SIMILAR REQUESTS FOR SS-5 OF BOUNEL FROM OTHER CITIZENS.

Plaintiff submitted a new FOIA request seeking SS-5 of Bounel based on his name only, without any other identifying information. Defense never responded. In responsive pleadings defense never denied that it never responded to this August 8, 2013 FOIA request. Further Plaintiff provides a sworn affidavit from Mr. Richard Brewer, who attested that he personally made 3 requests for SS-5 of Harry Bounel, but did not get any response. This provides further evidence of the cover up by the defense. As such, the court should grant a Motion for Summary Judgment and order the defense to produce the record in response to August 8, 2013 FOIA request.

## 5. DEFENSE DID NOT DENY THAT THE RECORD IN QUESTION EXISTS NOT ONLY IN HOLDING FILE AND ON MICROFILM BOTH IN SSA HEADQUATERS AND AT NATIONAL ARCHIVES, BUT IT ALSO EXISTED IN THE MASTER FILE (NUMIDENT)

## ON NOVEMBER 16, 2012, AS ATTESTED IN THE NOVEMBER 16, 2012 LETTER BY FOIA OFFICER WIGGINS.

As stated previously defendant did not even search for the original record, SS-5 that was requested, but only searched the numident, an electronic record, which was created by data entry.

Plaintiff argued that FOIA request required SS-5 the certified cy of the original application and not the electronic file, so search was not responsive to the request and in itself should be the basis for the ruling in favor of the plaintiff.

Further, plaintiff provided the court with the complaint a copy of the 120 year rule, which states precisely that SS-5 should be provided, not Numident.

> Case 1:13-cv-01878-ELH   Document 3   Filed 07/08/13   Page 26 of 36
>
> - We have revisited longstanding decisions regarding the withholding of certain frequently requested data, to determine if our recommended guidance is still applicable and reflects the presumption of openness. For instance, we issued new guidance for disclosing extremely aged individuals' original Social Security Applications (SS-5) when our records do not indicate a date of death. We developed a new policy that establishes a "120 year rule" and assumes that an individual is alive unless their birth date exceeds 120 years or we have proof of the individual's death. This new policy enabled us to release more information and potentially reduced requests on appeal.

Defense argued that the 120 year rule does not specify what type of record to be provided. This is not correct. If SSA wanted to provide the public with the Numident, it would state so in the 120 year rule, however the rule states "**Original Social Security Applications SS-5**", not Numident. So this is the second reason why the search was not responsive to the request.

Third, it violated the Best Evidence rule.   Federal Rules of Evidence Rule 1002, 28 U.S.C.A.

**Rule 1002. Requirement of the Original** an original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

### 1. Rule 1003.   Admissibility of Duplicates

FRE Rule 1003 United States Code Annotated

- United States Code Annotated
- Federal Rules of Evidence
- Article X. Contents of Writings, Recordings, and Photographs

...Depending on circumstances present in given case, evidence may qualify as duplicate original under federal evidence rule allowing duplicate to be used in same manner as original **except where genuine question is raised as to authenticity of original** or where it would be unfair, thus meeting "original writing" rule's requirements head on, or it may qualify as secondary evidence of writings contents under federal... (Emphasys added)


Federal Rules of Evidence Rule 1004, 28 U.S.C.A.
**Rule 1004. Admissibility of Other Evidence of Content**
An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if:
**(a)** all the originals are lost or destroyed, and not by the proponent acting in bad faith;
**(b)** an original cannot be obtained by any available judicial process;
**(c)** the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
**(d)** the writing, recording, or photograph is not closely related to a controlling issue.

Search of Numident violated Rules 1002, 1003 and 1004, as Numident was only an electronic record, an alleged copy of the original created by data entry and genuine question is raised as to authenticity of original.  Specifically, Taitz provided the court with the affidavit of investigator and debt collector Albert Hendershot (ECF 20-6) who attested under penalty of perjury that Harry Bounel's SSN was later used by another individual, which means that the original document was required.

United States Court of Appeals, Tenth Circuit. April 21, 1980 619 F.2d 1383
...In quiet title action brought by mineral lessees of successor to grantee under 1942 deed executed by Federal Farm Mortgage Corporation against United States and other alleged mineral lessees, which claimed that original 1942 deed reserved one-half mineral interest contrary to recorded copy and that United States received such mineral interest upon execution by the FFMC of 1957 quitclaim deed, <u>it was not abuse of discretion to prevent conformed final copy of the 1942 deed from being introduced for purpose of proving contents of original conformed copy of the deed on basis that it would be unfair to admit duplicate in lieu of original...</u>

**Bradford Trust Co. of Boston v. Merrill Lynch, Pierce, Fenner and Smith, Inc.**

United States Court of Appeals, Second Circuit. November 05, 1986 805 F.2d 49 6 Fed.R.Serv.3d 483
... The weight and credibility extended to government reports admitted as exceptions to the hearsay rule are to be determined by the trier of fact....

Based on Amoco v US precedent the court should grant Motion for Summary Judgment for Taitz and order defendant to search and produce the original paper record, application for SS-5 of Harry Bounel, which it keeps in the holding file in numerical order filed right after the SS-5 042-068-4424 of deceased Thomas Wood.
Even if one were to violate the Best Evidence rule and Federal Rules of Evidence 1002-1004 and specific requirements of the "120 year rule" and specific request by the Plaintiff, the Numident in itself showed that the record in question existed and had to be produced.

Exhibit 3 Letter by Wiggins attests that SSA has Bounel's information, but they will not release it due to privacy concerns.

Now, what information was provided to SSA in October 15, 2012? October 2012 letter sought the numident of Harry Bounel with SSN xxx-xx-4425.

If, as Wiggins claimed in her affidavit, which she submitted with the Document 7 (which disappeared in this court), there were no records for Harry Bounel at all,

then Wiggins would have responded in her November 16, 2012 letter that she does not have records for Harry Bounel, which match the information provided (name and Social Security number). However, she found the record, but refused to release it due to privacy concerns. In other awards, if not for privacy concerns Wiggins would have released that record for Harry Bounel with Social Security number xxx-xx-4425.

Now Wiggins is saying, that the reason she responded in 2013 that she does not have records for Bounel, was because Taitz provided more identifying information, such as Bounel's birth in Russia, his date of birth in 1890, his immigration to the US in 1912, his residence in Bronx, New York in 1940 and Wiggins found some discrepancy in this secondary information.

So, Wiggins found some minor discrepancy in this additional information and used it as an excuse to claim that due to this discrepancy in additional information she did not find SS-5 for Bounel. So, in other words, if not for additional information which contained some minor discrepancy, SSA has the numident for Harry Bounel with Social Security number xxx-xx-4425according to November 16, 2012 letter from the same Wiggins.

September 13 Supplemental declaration of Dawn Wiggins (ECF 12-2) states:

"On or about October 15, 2012, SSA received an Internet FOIA request for the Social Security number (SSN) records of Harry Bounel, also known as Harrison Bounel."

First, how did Wiggins know in October of 2012 that Harry Bounel's full name is Harrison? October 15, 2012 letter only requested information on Harry Bounel. How did Wiggins know that he did not use Harry as his full name or did not use Harland or some other name that is shortened as Harry?

Wiggins further wrote "Outside of name and gender the only identifiable information provided to SSA with the October 15, 2012 FOIA request was an SSN."

So, based on the name Harry Bounel and SSN xxx-xx-4425 Wiggins found the records, located the requested Numident, but refused to release it due to privacy.

November 16, 2012 letter from Wiggins (ECF 32-1) states: "This letter is in response to your Internet request for a Numident for Mr. Harry Bounel.

The Privacy Act of 1974 (5 USC 552) restricts disclosure of the information you requested." So, on November 16, 2012 the Social Security number xxx-xx-4425 matched the name of Harry Bounel, the record was found by Wiggins, but was not released due to the false claim of privacy. If there was no match between the name Harry Bounel and SSN xxx-xx-4425, Wiggins would have written that SSA did not find a record matching the information provided. So, on November 16, 2012 SSA had not only the original application, SS-5, the microfilm, but also the Numident, the electronic record with the SSN xxx-xx-4425 matching the name Harry Bounel.

Further Supplemental Declaration of Dawn Wiggins (ECf 12-2) (exhibit 6 herein) stated:

> to the October 15, 2012 FOIA request, SSA advised the requester that the Privacy of 1974 and FOIA exemption 6 restricts disclosure of the requested information.
>> Plaintiff's April 26, 2013 FOIA request provided several pieces of information that Plaintiff asserts are true about Mr. Bounel, including: (1) his name, (2) where he immigrated from, (3) his year of birth, (4) when he arrived in the United States, (5) where and when he received a SSN, and (6) his SSN. SSA conducted a search of the Numident for a record that matched the information provided by Plaintiff but could not locate a record for Mr. Bounel. Because Plaintiff provided multiple pieces of identifying information with her FOIA request, SSA determined it could disclose to Plaintiff that no records were located because such disclosure would not result in validation of the SSN provided by Plaintiff for Mr. Bounel.

So, in her September 13-2013 supplemental declaration Wiggins admitted that the only reason she stated to the court in her original declaration ECF 7-5 (Attached herein as exhibit 5 and previously removed by someone from the docket) that the additional information did not match. However, out of 6 pieces of information noted by Wiggins, two were provided before: name and Social Security number

were provided by Wiggins on October 15, 2012 and Wiggins found the Numident, which matched both the Social Security number xxx-xx-4425 and the name Harry Bounel. So the only possible discrepancy was in one of the following: 1. Country from which Bounel immigrated, 2. His year of immigration, 3.When he arrived in the US, 4. Where and when he received the SSN.

On 08.08.2013 Taitz sought SS-5 of Bounel based only on his name and Social Security number without any additional information. On 09.17.2013 she requested the same information again and got no answer. (Exhibit 4)

Mr. Richard Brewer, a researcher working with Taitz, requested the same information three times and got no answer as well. (Affidavit of Richard Brewer Exhibit1)

So, defense and particularly witness, FOIA officer Wiggins ignored the instructions of this court, which came with the 12.13.2013 order, advising them not to use minor discrepancy to deny records. Defense admitted in doing just that: using minor discrepancies in secondary information to deny release of the requested record.

## CONCLUSION

**Plaintiff has met her burden and showed that indeed the court should issue an order of Summary Judgment in favor of the Plaintiff as there is no triable issue of law or fact and that defense admitted that:**

**a. Defense never even searched for the original SS-5 application (paper record) of Bounel**
**b. Defense never even searched for the microfilm record for the SS-5 of Bounel**
**c. Through the sworn affidavit of FOIA Officer Wiggins Defense admitted that on November 16, 2012 it had an electronic record (Numident) which matched the name Harry Bounel and Social Security number xxx-xx-4425, however FOIA Officer Wiggins refused to release the record at a time by erroneously claiming privacy, even though Bounel is**

## an extremely aged individual, born 124 years ago and under "120 year rule of SSA" Wiggins had no right to use privacy exemption,

1. Under 5 USC 552 this court should grant as unopposed petition for a certified copy of an original paper SS-5 (Social Security Application ) of Harrison (Harry) Bounel, which is stored in Social Security Administration headquarters and which is filed with Connecticut Social Security applications and contained in the holding file right after the SS-5 #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 of Deceased Thomas Wood.

2. Due to refusal to cooperate by the defense, due to a pattern of obstruction of justice, violation of 5USC 552 and 120 year rule of SSA, warrant for Search and Seizure of the original paper SS-5 application xxx-xx-4425 of Harry Bounel should be issued and delivered to the US Martial.

3. This court should order tracing of any and all changes to the computer file of the SSN xxx-xx-4425 with the electronic ID stamps of each and every employee who changed the file. This court should, also, investigate flagrant falsification of the official court records and specifically deletion from the official electronic court docket of this case of the Document #7 and all the exhibits attached to it. This court should grant the petition by the plaintiff to hold an administrative hearing and conduct an examination of the court employee, who deleted the aforementioned record to ascertain who ordered this employee to falsify an official court record, was this employee threatened or did she receive any incentive to falsify the court record.

4. Under 18 USC 3332 this court should forward to the Federal Grand Jury for the District of Maryland evidence of criminal offenses against the criminal laws of the United States to be investigated by the Federal Grand Jury.

5. Under 18 USC 3332 and per precedent of *In the Matter of In re GRAND JURY APPLICATION*. No. 85 Civ. 2235 (VLB) US DC for the SD of NY this court should issue a Writ of Mandamus for the US Attorney to forward to the Federal Grand Jury evidence of violations of criminal laws of the United States, which was submitted in this case

Respectfully submitted,

Dr. Orly Taitz, ESQ

03.10.2019

I, Lila Dubert, attest that I served the defense on 03.10.2014 with the copy of attached pleadings by first-class mail

_____
Lila Dubert

cc Michael E. Horowitz
Inspector General
Department of Justice
Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 4706
Washington, D.C. 20530

Darrel Issa
Chairman of the House oversight committee
2157 RAYBURN HOUSE OFFICE BUILDING,
WASHINGTON, DC 20515

Inter-American Commission for Human rights
1889 F St., NW,
Washington, D.C., USA 20006