IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ORLY TAITZ,<br>    *Plaintiff*,<br><br>v.<br><br>CAROLYN COLVIN, Commissioner,<br>Social Security Administration,<br>    *Defendant*. | Civil Action No. ELH-13-1878 |

**MEMORANDUM**

This case concerns whether the Social Security Administration ("SSA") complied with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, when it responded to a FOIA request submitted by Dr. Orly Taitz, the self-represented plaintiff. On May 13, 2014, I issued a Memorandum Opinion and Order granting summary judgment in favor of defendant Carolyn Colvin, the Commissioner of the SSA. ECF 36; ECF 37. I also denied plaintiff's cross-motion for summary judgment and denied plaintiff various other forms of requested relief. *Id.*

On June 5, 2014, plaintiff filed a Motion for Reconsideration ("Motion," ECF 38). On June 13, 2014, plaintiff filed an "Emergency Motion," ECF 40, which consists of a "Notice of Treason" regarding President Barack Obama, a "Motion to Expedite Motion for Reconsideration" ("Motion to Expedite") and a "Motion to Expediently Forward to the Federal Grand Jury . . . Evidence of Obama's Use of a Stolen [Social Security Number] . . . ." *Id.*

*Motion to Expedite*

The Motion to Expedite is included in ECF 40. I will grant the Motion to Expedite. I turn to the merits of the Motion for Reconsideration.

*Motion for Reconsideration*

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, ___ U.S. ___, 132 S. Ct. 115 (2011). However, Fed. R. Civ. P. 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Although the federal rules do not specify a standard for granting a Rule 59(e) motion, the Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d, 396 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999); *see Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

The purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pacific Ins.*, 148 F.3d at 403 (citation omitted). However, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted). Accordingly, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Relief may not be granted under Rule 59(e) for reasons that a party could have advanced, but chose not to pursue. *See id.*; *Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Moreover, "'[m]ere disagreement [with the court's ruling] does not support a Rule 59(e) motion.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305

F.3d 284, 290 (4th Cir. 2002) (citation omitted), *cert. denied*, 538 U.S. 1012 (2003). With respect to the "clear error or manifest injustice" standard, a "factually supported and legally justified" decision does not constitute clear error. *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

Here, plaintiff has not identified any intervening change in controlling law or newly discovered evidence. Rather, she appears to argue that the Court's ruling was clearly erroneous or manifestly unjust. However, as with her previous filings, plaintiff's Motion continually loses sight of the fact that plaintiff's lawsuit is against the Commissioner of the SSA and relates solely to a Freedom of Information Act request. And, the arguments that are germane to plaintiff's actual lawsuit do not persuade me that my prior Memorandum Opinion and Order were clearly erroneous or manifestly unjust. Accordingly, the Motion for Reconsideration will be denied.

*"Emergency Motion"*

Plaintiff's "Emergency Motion" and the various forms of relief requested therein will be denied. It has literally no relation to plaintiff's case in this Court. Instead, plaintiff uses the motion to attack President Obama for recent actions he has taken in his capacity as President of the United States. Needless to say, plaintiff's disagreement with President Obama's presidential decision-making does not provide support for her allegation that the SSA's response to her FOIA request was inadequate.

**Conclusion**

For the reasons stated previously, and for the reasons expressed here, the Court will grant the Motion to Expedite, will deny the "Emergency Motion" in all other respects, and will deny the Motion for Reconsideration. A separate Order follows.

Date:   June 13, 2014                                        /s/
                                                   Ellen Lipton Hollander
                                                   United States District Judge