IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ORLY TAITZ,

    *Plaintiff*,

v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

    *Defendant*.

Civil Action No. ELH-13-1878

**MEMORANDUM**

In this case, the court was asked to determine whether the Social Security Administration ("SSA") complied with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, when it responded to a FOIA request submitted by Dr. Orly Taitz, Esquire, the self-represented plaintiff.[1] In her FOIA request, plaintiff asked for the Social Security application ("SS-5") filed by an individual named Harry Bounel, who allegedly was born in 1890. Although it is not relevant to the legal issues in the case, plaintiff has made clear that she seeks to establish that President Barack Obama is fraudulently using Mr. Bounel's Social Security number ("SSN") as his own to hide the fact that he is not a United States citizen and therefore not eligible for the presidency. SSA responded to plaintiff's FOIA request by notifying her that it was unable to locate any records for Mr. Bounel.

On May 13, 2014, I granted summary judgment in favor of defendant, holding that "defendant has satisfied its burden to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found." ECF 36 at 23 (internal quotation

---

[1] Plaintiff claims she is a licensed attorney in California and a licensed Doctor of Dental Surgery. *See* ECF 43-2 at 54 ¶ 1 (Declaration of Orly Taitz); *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1368 n.3 (M.D. Ga. 2009).

marks omitted). *See also* ECF 37 (Order). As an attorney, plaintiff would have known that she was entitled to appeal this Court's ruling if she disagreed with it. To my knowledge, she did not do so. Instead, she has filed several post-ruling motions. *See* ECF 38, ECF 40.

Presently pending is plaintiff's motion to reopen this case, and for the Court to recuse and to transfer the case to another judge on the ground of actual conflict of interest. *See* ECF 43. The motion is filed pursuant to 28 U.S.C. § 455 and F.R. Civ. P. 60 (b)(2) and 60 (b)(6).

By way of background, plaintiff is a national leader in the so called "birther" movement, whose mission is to establish that President Obama is ineligible to serve as President of the United States because he was not born in the United States, as he claims. To that end, Ms. Taitz has been involved in a variety of cases throughout the country, challenging directly or indirectly, President Obama's right to hold office. *See, e.g.*, *Taitz v. Michael Astrue, Commissioner of the Social Security Administration*, RCL-11-402 (D.D.C.); *Liberi v. Taitz*, 759 F. Supp. 2d 573 (E.D. Pa. 2010), *appeal dismissed*, 425 F. App'x 132 (3rd Cir. 2011); *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363 (M. D. Ga. 2009); *Cook v. Good*, 2009 WL 216535 (M.D. Ga. 2009); *Rhodes v. Gates*, 09-cv-0703 (W.D. Tex. Aug. 2009); *Cook v. Simtech, Inc.*, 09-cv-1382 (M.D. Fla. 2009).

In her motion, plaintiff asserts that I had a duty to disclose that I was appointed by President Obama and to recuse myself because my appointment by President Obama created an actual conflict of interest in regard to the case. *Id.* at 1–2, 12. In addition, Ms. Taitz maintains that recusal was required because I had a pecuniary interest in the outcome of her case. *Id*. at 10, 12. In general, she posits that if President Obama's presidency is not valid, then my federal judicial appointment would be rendered void and I would lose my judgeship as well as my "lifetime high salary and benefits." *Id*. at 11. She explains further, *id*. at 5: "[I]f Judge Hollander were to order the release of the Social Security number in question and it would

confirm that Obama is indeed committing fraud . . . , Obama's election would be rendered invalid, null and void and his appointment of Judge Hollander would be rendered null and void . . . ." In plaintiff's view, my failure to disclose the alleged conflict constitutes "judicial misconduct and, possibly, treason …," because I have aided "a citizen of Indonesia, Barry Soebarkah, aka Barry Soetoro, aka Barry Obama's use of stolen and fabricated IDs." *Id*. at 12.

Section 455 of Title 28 of the United States Code does not authorize reopening of closed litigation. But, F.R. Civ. P. 60(b) permits a party to file a motion to "relieve [the] party … from a final judgment" on a variety of grounds. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (noting that 28 U.S.C. § 455 "does not, on its own, authorize the reopening of closed litigation" but that Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment"). *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.) (stating that the federal rules do not do not contain an express provision for a "motion for reconsideration" of a final judgment), *cert. denied*, ____ U.S. ____, 132 S. Ct. 115 (2011).

In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on:

(1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be filed "within a reasonable time." And, if based on (b)(1), (b)(2), or (b)(3), it must be made "no more than a year after the entry of the judgment. . . ." Fed. R. Civ. P. 60(c)(1).

Although Ms. Taitz did not cite 28 U.S.C. § 144, it is relevant here.  Under that statute, a party in a proceeding in a district court may seek disqualification of the judge by filing a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias … in favor of any adverse party…."  The affidavit must be filed "not less than ten days before the … proceeding is to be heard, or good cause shall be shown for failure to file it within such time."

This provision is of no aid to Ms. Taitz, because she did not comply with the time requirements of 28 U.S.C. § 144.  Nor has she shown good cause for failing to do so.

My judicial appointment is a matter of public record.  Yet, despite Ms. Taitz's training as a lawyer and her repeated involvement in litigation challenging President Obama's eligibility to hold office, she asserts that it was only after my dispositive ruling in favor of her adversary that she "decided to check who appointed" me and "found out" that it was Barack Obama.  Plaintiff easily could have considered, discovered, and raised this issue during the pendency of the case, and before I ruled.  *See Rhodes*, 670 F. Supp. 2d at 1373 (involving, *inter alia*, a similar recusal motion filed by Ms. Taitz and stating: "Counsel had ample opportunity to seek removal of the undersigned prior to the undersigned's devotion of substantial time to this matter.").  What seems more likely is that Ms. Taitz is attempting to manipulate the system, by strategically resorting to the tactic of filing such a motion because she is disgruntled with the outcome of the case.  *See, e.g., Rhodes,* 670 F. Supp. 2d 1363 (involving Ms. Taitz's recusal request and accusing the judge of treason); *Cook v. Simtech, Inc.*, 09-cv-1382 (M.D. Fla. 2009) (involving a recusal request by Ms. Taitz).

As noted, plaintiff relies on 28 U.S.C. § 455.  She argues that recusal is mandated under both 28 U.S.C. §§ 455(a) and 455(b)(5)(iii).

4

The first of these provisions, 28 U.S.C. § 455(a), focuses on the appearance of impropriety. It states: "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The test "embodies an objective standard," and asks "whether an objective, disinterested, lay observer fully informed of the facts … would entertain a significant doubt about a judge's impartiality. *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). The provision is intended to promote confidence in the judiciary. *Liljeberg*, 486 U.S. at 865. Plaintiff's protestations aside, I am confident that no *reasonable* person would question my impartiality in this case.

In the first instance, President Obama is not a party to this case; plaintiff filed a FOIA action against the Commissioner of the Social Security Adminsitration. In any event, it is worth observing that school children in this country are taught about the central components of our democracy, including the three branches of government and the doctrine of separation of powers. To that end, judges are sometimes called upon to rule in cases involving the Chief Executive who appointed them or the political party with which they may have once been aligned. *Bush v. Gore*, 531 U.S. 1046 (2000), is just one example. As Judge Tatel of the D.C. Circuit Court of Appeals has noted, in *In re Executive Office of President*, 215 F.3d 25 (D.C. Cir. 2000):

> Both Justice Ginsburg and Justice Breyer [who were Clinton appointees,] participated in *Clinton v. Jones*, 520 U.S. 681 (1997). Chief Justice Burger, Justice Blackmun, and Justice Powell, all appointees of President Nixon, participated in *United States v. Nixon*, 418 U.S. 683 (1974). Judge MacKinnon and Judge Wilkey, also appointees of President Nixon, participated in *Senate Select Comm. v. Nixon*, 498 F.2d 725 (D.C. Cir. 1974), and *Nixon v. Sirica*, 487 F.2d 700 (D.C. Cir. 1973).

Even assuming a violation of 28 U.S.C. § 455(a), in the context of a Rule 60(b) motion as to a closed case, the Supreme Court has said "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of underming the public's confidence in the judicial process." *Id.*at 864. As I see it, there was no appearance of impropriety, nor would these factors warrant reopening of the case.

The second recusal provision on which plaintiff relies, 28 U.S.C. § 455(b), enumerates circumstances in which a federal judge "shall" disqualify herself, because partiality is presumed. *See* Richard K. Neumann, Jr., "Conflicts Of Interest In Bush v. Gore: Did Some Justices Vote Illegally?", 16 Geo. JLE 375 at 5 (Spring 2003). Of relevance here, 28 U.S.C. § 455(b)(5)(iii) states that a judge shall recuse herself if she has "an interest that could be substantially affected by the outcome of the proceeding." If such a conflict exists, it cannot be waived. 28 U.S.C. § 455(e).

Ms. Taitz has not provided any legal authority for the proposition that, if the President were removed from office, this judge or the hundreds of other executive and judicial branch appointees selected by him and then confirmed by the Senate would also become disqualified from their offices. I suppose that *if* the Court ruled that SSA's search was inadequate, and *if* SSA conducted a new search, and *if* SSA located an SS-5 for Mr. Bounel (who may or may not exist), and if the Court ordered SSA to release the SS-5 (despite the several FOIA exemptions that may apply), and *if* Mr. Bounel's SSN matched that of President Obama, and *if* President Obama's use of the SSN was fraudulent, and *if* the reason for the fraud was that President Obama was not eligible for the presidency, and *if* that led to the nullification of President Obama's presidency, and *if* that also rendered President Obama's judicial appointments null and void, and *if* no action

was taken to re-appoint and reinstate the affected judges, then, perhaps, it could be said that I had an interest that was affected by the outcome of the case. But, that possibility is so speculative and so attenuated that it does not mandate recusal here.

In *Rhodes*, 670 F. Supp. 2d 1363, Ms. Taitz challenged a soldier's deployment orders to Iraq, arguing that the orders were void because President Obama was not a legitimate Commander in Chief. She also sought recusal of the district judge, asserting among other things that the trial judge had a financial interest in the case, based on his stock holdings in two companies that apparently benefitted from the war in Iraq. The judge regarded the contention as "preposterous," *id.* at 1372, and said that, even if Ms. Taitz were to succeed on her claim, resulting in the removal of the President from office, it was utterly "speculative and ridiculous" to suggest the two companies would suffer, and the contention was "not worthy of additional comment." *Id*. at 1373. The same logic applies here.

In sum, plaintiff has not established grounds to reopen this case under Rule 60 based on 28 U.S.C. § 455(b)(5)(iii).

Plaintiff can rest assured that if any reasonable grounds existed for me to recuse myself from this case, I would have done so, if for no other reason than to avoid spending precious time on such frivolous filings. But, my responsibilities require me to handle dutifully the cases assigned to me.

Plaintiff's motion is denied, in all respects. An Order follows.

Date: July 25, 2014                                                    /s/
                                                                       Ellen Lipton Hollander
                                                                       United States District Judge